IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN DIVER,

                Plaintiff,

v.

HOLLY PAVLOSKI,

                Defendant.

OPINION and ORDER

25-cv-988-jdp

---

Plaintiff Kevin Diver, proceeding without counsel, alleges that defendant Holly Pavloski deprived him of $2,120 worth of electronics. Diver proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Diver's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint with prejudice because Diver has failed to state a plausible claim for relief, and further amendment would be futile.

ALLEGATIONS OF FACT

Diver's probation was revoked while he resided at Faxon House group home. Pavloski, Diver's former case manager, told him that his electronics would be kept safe until he returned. Apparently, Pavloski then gave the electronics to a company for safekeeping. When Diver was released, the company notified him that it had his electronics and that he had six months to retrieve them. Apparently, Diver couldn't manage to obtain his electronics from the company.

After that, Diver's new case manager, Kelly Furnest, told him that Pavloski didn't have the electronics. Furnest also said that the electronics were likely destroyed or donated and that Diver would be reimbursed for the loss. Diver later learned that he would not be reimbursed.

ANALYSIS

I take Diver to bring a Fourteenth Amendment procedural due process claim based on property loss. A state official's random and unauthorized deprivation of the plaintiff's property, even if the deprivation is intentional, doesn't violate due process if "adequate state post-deprivation remedies are available." *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Wisconsin allows tort claims against the state officials for the deprivation of property. *See Streckenbach v. Vandensen*, 868 F.3d 594, 597 (7th Cir. 2017); *Greeno v. Litscher,* 13 F. App'x 370, 376–77 (7th Cir. 2001); *Moffett v. Dittman*, No. 20-cv-9-wmc, 2022 WL 3016673, at *2 (W.D. Wis. July 29, 2022).

The main idea of Diver's complaint is that Pavloski caused his electronics to be destroyed, donated, or lost. Diver's allegations show that the deprivation of his electronics was random and unauthorized. Diver's allegations don't plausibly suggest that Pavloski acted "pursuant to established state procedure" in depriving him of his electronics. *See Hudson*, 468 at 532. Wisconsin courts provide a remedy for the type of property deprivation alleged here.

If a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But dismissal is appropriate if it's clear, as it is here, that the plaintiff cannot state a constitutional claim. *See Bogie v. Rosenberg*, 705 F.3d 604, 608 (7th Cir. 2013). This case may only be brought in state court.

ORDER

IT IS ORDERED that:

1. Plaintiff Kevin Diver's complaint, Dkt. 1, is DISMISSED with prejudice for failure to state a plausible claim for relief.

2. Defendant Parloski is to be recaptioned as "Holly Pavloski."

3. The clerk is directed to enter judgment and close the case.

Entered December 22, 2025.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge